1  ROBERT A. COCCHIA (Bar No. 172315)
   robert.cocchia@dentons.com
2  PETER Z. STOCKBURGER (Bar No. 265750)
   peter.stockburger@dentons.com
3  DENTONS US LLP
   601 Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5704
   Telephone:   213-623-9300
5  Facsimile:   213-623-9924

6  Attorneys for Defendants
   BIG TEX TRAILER MANUFACTURING, INC.
7  and BIG TEX TRAILER WORLD, INC.

8

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

11

12  ANDREW POTTER,                          Case No.  5:18-cv-1678

13              Plaintiff,                  [Riverside County Superior Court
                                             Case No. RIC 1813218]
14       v.
                                           **DEFENDANTS' NOTICE OF
15  BIG TEX TRAILER                        REMOVAL OF ACTION UNDER
    MANUFACTURING, INC.; BIG TEX           28 U.S.C. § 1441**
16  TRAILER WORLD, INC.; and DOES 1
    through 50, inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

LIMITED PURPOSE ....................................................................................... 1

BACKGROUND ............................................................................................. 1

TIMELINESS OF REMOVAL ........................................................................ 4

VENUE ............................................................................................................ 4

JURISDICTION .............................................................................................. 4

FEDERAL QUESTION .................................................................................. 5

SUPPLEMENTAL JURISDICTION .............................................................. 5

DIVERSITY OF CITIZENSHIP ..................................................................... 8

CITIZENSHIP ................................................................................................. 8

Plaintiff's Citizenship .................................................................................... 9

Defendants' Citizenship................................................................................. 9

AMOUNT IN CONTROVERSY .................................................................. 10

Attorneys' Fees ............................................................................................ 11

First Cause of Action - Failure to Provide Meal Periods ............................ 11

Second Cause of Action - Failure to Provide Rest Periods......................... 13

Third Cause of Action - Failure to Pay Minimum and Regular Wages ...... 14

Fourth Cause of Action - Failure to Pay All Overtime Wages ................... 15

Fifth Cause of Action - Failure to Pay Commission Wages ....................... 16

Sixth Cause of Action - Failure to Indemnify Business Expenses.............. 16

Seventh Cause of Action - Failure to Provide Accurate Itemized
    Wage Statements ..................................................................................... 17

Eighth Cause of Action - Failure to Maintain Accurate Records............... 18

Ninth Cause of Action - Failure to Pay Timely Wages Upon
    Separation of Employment ...................................................................... 18

Eleventh Cause of Action - PAGA Penalties .............................................. 19

Twelfth Cause of Action - FLSA ................................................................ 21

Final Calculation.......................................................................................... 22

COMPLIANCE WITH 28 U.S.C. § 1446...................................................... 22

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Bufil v. Dollar Financial Group, Inc.*,
  No. CGC-06-456053, 2010 WL 1947018 (Mar. 11 2010) ................................. 11

*Caterpillar Inc. v. Lewis*,
  519 U.S. 61 (1996) ........................................................................................ 8

*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987) ...................................................................................... 5

*Exxon Mobile Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) ................................................................................. 8, 10

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1988)...................................................................... 10

*Garibotti v. The Standard Fire Ins. Co.*,
  No. SACV 10-01613 DOC, 2011 WL 488874 (C.D. Cal. Feb. 1,
  2011)............................................................................................................. 10

*Garnica v. Verizon Wireless Telecom, Inc.*,
  No. CGC-08-476827, 2010 WL 3723143 (Mar. 19, 2010) ............................ 11

*Gibson v. Chrysler Corp.*,
  261 F.3d 927 (9th Cir. 2001)........................................................................... 8

*Goldberg v. C.P.C. International, Inc.*,
  678 F.2d 1365 (9th Cir. 1982)....................................................................... 10

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .......................................................................................... 9

*Holt v. Noble House Hotels & Resort, Ltd.*,
  No. 17cv2246-MMA, 2018 WL 539176 (S.D. Cal. Jan. 23, 2018)................... 8

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001)........................................................................... 9

*Laux v. Annuys Skyways, Inc.*,
  No. 56201200421351, 2014 WL 7685204 (May 13, 2014)............................. 11

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ................................................................. 8

*Munyan v. Nationwide Medical, Inc.*,
  No. BC579015, 2017 WL 6452647 (Oct. 12, 2017) ........................... 11

*Murphy v. Kenneth Cole Productions Inc.*,
  40 Cal. 4th 1094 (2007) ............................................................... 12, 14

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007) ............................................................. 8

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ............................................................... 9

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1996) .............................................................................. 6

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ........................................................... 10

**Statutes**

28 United States Code
  § 84(c)(1) .............................................................................................. 4
  § 1331 ........................................................................................... 1, 4, 5
  § 1332 .................................................................................................... 8
  § 1332(a) ..................................................................................... 1, 4, 5, 8
  § 1332(a)(1) ........................................................................................... 8
  § 1332(c) ............................................................................................... 9
  § 1332(d)(2) .......................................................................................... 8
  § 1367 .................................................................................................... 4
  § 1367(a) .......................................................................................... 5, 10
  § 1441(a) ............................................................................................... 4
  § 1441(c) ............................................................................................... 5
  § 1441(d) ............................................................................................... 1
  § 1446(a) ............................................................................................. 22
  § 1446(b)(1) .......................................................................................... 4
  § 1446(d) ............................................................................................. 22

29 United States Code
  § 207 ....................................................................................................... 2
  § 207(a) .................................................................................................. 6
  § 211(c) .............................................................................................. 2, 6
  § 216(b) ............................................................................................ 3, 21
  § 216(e)(2) .............................................................................................. 4

California Business and Professions Code
  §§ 17200, *et seq.* ................................................................... 2, 3, 7, 19

California Code of Civil Procedure
  § 382 ....................................................................................................... 2

California Labor Code
  § 201 ................................................................................... 2, 4, 18, 19
  § 202 ......................................................................................... 2, 4, 19
  § 203 ............................................................................................ 2, 18
  § 203(a) ................................................................................................ 18
  § 204 ............................................................................................... 4, 19
  § 210(a) ................................................................................................ 20
  § 218.6 .................................................................................................... 4
  § 221 ............................................................................................... 2, 19
  § 223 ......................................................................................... 2, 4, 19
  § 225.5 ............................................................................................ 2, 20
  § 226 ....................................................................................................... 2
  § 226(a) ................................................................................... 4, 17, 19
  § 226(e)(1) ........................................................................................... 17
  § 226(g) .................................................................................................. 3
  § 226.3 ................................................................................................... 20
  § 226.7 .................................................................................... *passim*
  § 226.7(c) ..................................................................................... 12, 14
  § 248.5 .................................................................................................... 3
  § 510 ....................................................................................... 2, 4, 15, 19
  § 512 ....................................................................................... 2, 4, 11, 19
  § 558 ............................................................................................... 3, 21
  § 1174 ......................................................................................... 2, 4, 18
  § 1174(c) ............................................................................................... 18
  § 1174(d) ....................................................................................... 18, 19
  § 1174.5 ......................................................................................... 18, 21
  § 1194 ......................................................................................... 2, 4, 14
  § 1194.2 ................................................................................................. 3
  § 1197 ..................................................................................... 2, 4, 14, 19

§ 1197.1 ............................................................................................ 3, 21
§ 1198 ................................................................................................ *passim*
§ 1998 .................................................................................................... 14
§§ 2698, *et seq.* ...................................................................................... 2
§ 2699(f) ................................................................................................ 19
§ 2802 ............................................................................................ 2, 4, 19

**Rules and Regulations**

IWC Wage Order 7
§ 11(A) .................................................................................................. 12
§ 11(B) .................................................................................................. 12
§ 12(A) .................................................................................................. 13
§ 12(B) .................................................................................................. 13

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendants BIG TEX TRAILER MANUFACTURING, INC. ("Big Tex Trailer Manufacturing") and BIG TEX TRAILER WORLD, INC. ("Big Tex Trailer World") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, Eastern Division pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1441(d).

## LIMITED PURPOSE

1.      The filing of this notice does not, in any way, waive any right, privilege, immunity, or defense Defendants may have, either individually or collectively, under any applicable state or federal law relating to the claims asserted in this matter.

## BACKGROUND

2.      Plaintiff Andrew Potter ("Plaintiff") is a former non-exempt employee of Big Tex Trailer World and worked for the company in Beaumont, California. (Declaration of Peter Z. Stockburger ["Stockburger Dec."] at ¶ 2, Exhibit ["Ex."] A.) Big Tex Trailer Manufacturing is the parent company of Big Tex Trailer World. (Declaration of Todd Bruhn ["Bruhn Dec."] at ¶ 1.)[1]

3.      On June 28, 2018, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of California, County of Riverside ("Complaint"), entitled *Andrew Potter v. Big Tex Trailer Manufacturing, Inc.*, *et al.*, Case Number RIC1813218 ("State Court Action"). (Stockburger Dec. at ¶ 2, Ex. A.) Plaintiff served Defendants with a copy of the Complaint on July 12, 2018. (*Id*. at ¶ 3, Ex. B.)

---

[1] Plaintiff alleges Defendants are joint employers. (Stockburger Dec. at ¶ 2, Ex. A at ¶¶ 20-21.) Defendants do not concede this argument by filing this notice, and reserve all rights to object to any joint employer designation in future proceedings.

4.      Plaintiff's Complaint asserts twelve causes of action against Defendants: (1) failure to provide Plaintiff and other current and former employees all meal periods owed in violation of California Labor Code ("Labor Code") §§ 226.7, 512, 1198, and applicable Industrial Wage Commission ("IWC") Wage Orders; (2) failure to provide Plaintiff and other current and former employees rest periods in violation of Labor Code §§ 226.7, 1198 and applicable IWC Wage Orders; (3) failure to pay Plaintiff and other current and former employees all minimum and regular wages owed in violation of Labor Code §§ 1194, 1197, 1198, and applicable IWC Wage Orders; (4) failure to pay Plaintiff and other current and former employees all overtime  wages owed in violation of Labor Code §§ 510, 1194, 1198, and applicable IWC Wage Orders; (5) failure to pay Plaintiff and other current and former employees all commission wages owed in violation of Labor Code §§ 221, 223, 225.5, and applicable IWC Wage Orders; (6) failure to indemnify Plaintiff and other current and former employees for necessary business expenses in violation of Labor Code § 2802; (7) failure to provide Plaintiff and other current and former employees accurate itemized wage statements in violation of Labor Code §§ 226, 1198, and applicable IWC Wage Orders; (8) failure to maintain accurate records on behalf of Plaintiff and current and former employees in violation of Labor Code § 1174, and applicable IWC Wage Orders; (9) failure to timely pay Plaintiff and other former employees all wages owed upon separation from employment in violation of Labor Code §§ 201, 202, and 203; (10) violation of California Business and Professions Code ("Business and Professions Code") §§ 17200, *et seq.*; (11) violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.* ("PAGA"); and (12) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 211(c). (Stockburger Dec. at ¶ 2, Ex. A at ¶¶ 56-58, 69-215.)

5.      Plaintiff's first ten causes of action are brought as a class action under California Code of Civil Procedure ("CCP") § 382 "on behalf of himself and all

current and former employees of Defendants who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations[.]" (Stockburger at ¶ 2, Ex. A at ¶ 56.) Plaintiff alleges two sub-classes: (1) the "Non-Exempt Class" made up of all "current and former non-exempt employees who worked for Defendants in the State of California at any time from June 28, 2014 through the present"; and (2) the "Waiting Time Penalties Subclass" made up of all "members of the Non-Exempt Class, whose employment with Defendants ended at any time from June 28, 2015 through the present." (*Id*. at ¶ 2, Ex. A at ¶¶ 57-58.) Plaintiff's eleventh cause of action is brought as a representative action under PAGA. (*Id*. at ¶ 2, Ex. A at ¶¶ 180-204.) Plaintiff's twelfth cause of action is brought as a collective action under the FLSA. (*Id*. at ¶ 2, Ex. A at ¶¶ 69-76, 205-215.)

6. Based on the allegations set forth in the Complaint, Plaintiff seeks an award of: (1) general damages; (2) special damages; (3) liquidated damages pursuant to Labor Code § 1194.2 and 29 U.S.C. § 216(b); (4) civil and statutory penalties pursuant to the Labor Code and PAGA; (5) restitution pursuant to Labor Code § 248.5 and Business and Professions Code §§ 17200, *et seq*.; (6) disgorgement and restoration pursuant to Business and Professions Code §§ 17200, *et seq*.; (7) damages in the amount of "unpaid compensation and monies, including, but not limited to actual damages, unpaid wages, minimum wages, regular wages, overtime wages, waiting time penalties and other penalties according to proof, including interest thereon"; (8) an additional hour of pay at the regular rate of compensation for each noncompliant meal and rest period pursuant to Labor Code § 226.7; (9) civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the unpaid wages pursuant to Labor Code §§ 558 and 1197.1; (10) injunctive relief pursuant to Labor Code §§ 226(g) and 248.5, and Business and Professions Code §§ 17200, *et seq*.; (11)

indemnification of all losses incurred as a result of employment with Defendants, with interest; (12) pre and post judgment interest pursuant to Labor Code §§ 218.6 and 1194; (13) civil penalties pursuant to 29 U.S.C. § 216(e)(2); and (14) declaratory judgment that Defendants violated Labor Code §§ 201, 202, 204, 223, 226(a), 226.7, 510, 512, 1174, 1197, 1198, and 2802, as well as various IWC Wage Orders. (Stockburger Dec. at ¶ 2, Ex. A at "Prayer for Relief" (a)-(o).)

## TIMELINESS OF REMOVAL

7.     28 U.S.C. § 1446(b)(1) generally requires that a notice of removal be filed within 30 days after the receipt by the defendant of a copy of the pleading setting forth the claim for relief upon which such action is based. Plaintiff served Defendants with a copy of the Complaint on July 12, 2018. (Stockburger Dec. at ¶ 3, Ex. B.) The deadline to file a notice of removal is August 13, 2018. This notice of removal is therefore timely.

## VENUE

8.     Venue is proper in this Court because Plaintiff filed this matter in the Superior Court of the State of California, County of Riverside, which lies within the Central District, Eastern Division. See 28 U.S.C. §§ 84(c)(1), 1441(a). Venue is also proper because the acts complained of allegedly arose out of Plaintiff's employment with Big Tex Trailer World in Beaumont, California. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 9.)

## JURISDICTION

9.     The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1367. The Complaint alleges a cause of action under the FLSA, a law of the United States, for an alleged failure to pay overtime. This allegation therefore presents a federal question within the original jurisdiction of this Court. 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the remaining causes of action under California law because those claims share a common nucleus of operative fact with Plaintiffs'

FLSA claim. See 28 U.S.C. §§ 1367(a) and 1441(c). This Court also has diversity jurisdiction over the entire State Court Action because the amount in controversy exceeds $75,000 and the citizenship of Plaintiff is different than that of Defendants. 28 U.S.C. § 1332(a).

## FEDERAL QUESTION

10.    This Court has original jurisdiction over Plaintiff's twelfth cause of action arising under the FLSA. 28 U.S.C. § 1331 provides that the federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face" of a complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.    Plaintiff's twelfth cause of action under the FLSA is a claim that arises under the laws of the United States. (Stockburger Dec. at ¶ 2, Ex .A at ¶¶ 69-76, 205-215.) Because Plaintiff's FLSA claim is presented on the face of the Complaint, Plaintiff's twelfth cause of action for a violation of the FLSA is removable.

## SUPPLEMENTAL JURISDICTION

12.    Because Plaintiff's twelfth cause of action under the FLSA is removable, this Court may exercise supplemental jurisdiction over Plaintiff's remaining eleven claims brought under state law. 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(a) provides that the exercise of supplemental jurisdiction over non-federal claims is appropriate when those claims "form part of the same case or controversy under Article III of the United States Constitution" as the federal question claims over which this Court has original jurisdiction. 28 U.S.C. § 1367(a).

13.    The test for whether claims arise out of the same case or controversy is whether they share a "common nucleus of operative facts," such that a plaintiff

"would ordinarily be expected to try them all in a single proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

14.    Plaintiff's twelfth cause of action under the FLSA shares a common nucleus of operative facts with Plaintiff's eleven claims under California law such that Plaintiff would expect them to be tried in a single proceeding. First, Plaintiff filed all twelve causes of action in a single State Court Action, reflecting Plaintiff's intent to have all twelve causes of action tried in a single proceeding as part of the same case and controversy. Second, Plaintiff re-alleged and incorporated by reference the allegations contained in the entire Complaint, including those relating to his state claims, within his FLSA cause of action, further reflecting his view that the FLSA action shares a common nucleus of operative facts with Plaintiff's eleven state law claims. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 205.) Finally, all twelve causes of action do, in fact, arise out of a common nucleus of operative facts.

15.    Plaintiff's twelfth cause of action alleges Defendants violated the FLSA by failing to pay Plaintiff and other putative collective action members overtime wages owed in violation of 29 U.S.C. § 207(a) and failing to "keep records" as required under the FLSA in violation of 29 U.S.C. § 211(c). (Stockburger Dec. at ¶ 2, Ex. A at ¶¶ 212-213.) These purported FLSA allegations directly mirror the allegations made in Plaintiff's fourth cause of action for failure to pay overtime (*id.* at ¶¶ 117-126), seventh cause of action for failure to provide accurate wage statements (*id.* at ¶¶ 141-150), and eighth cause of action for failure to maintain accurate records (*id.* at ¶¶ 151-157). Thus, because the underlying facts supporting Plaintiff's twelfth cause of action under the FLSA are the exact facts underlying Plaintiff's fourth, seventh, and eighth causes of action, this Court may exercise supplemental jurisdiction over Plaintiff's fourth, seventh, and eighth causes of action.

16.    Plaintiff's twelfth cause of action under the FLSA also arises out of the same common nucleus of operative facts underpinning Plaintiff's other state law

claims, including his first cause of action for failure to provide meal periods (*id*. at ¶¶ 77-95), second cause of action for failure to provide rest periods (*id*. at ¶¶ 96-106), third cause of action for failure to pay minimum wages (*id*. at ¶¶ 106-116), fifth cause of action for failure to pay commission wages (*id*. at ¶¶ 127-133), sixth cause of action for failure to indemnify necessary business expenses (*id*. at ¶¶ 134-140), ninth cause of action for failure to pay separation wages (*id*. at ¶¶ 158-164), tenth cause of action for violation of Business and Professions Code §§ 17200, *et seq*. (*id*. at ¶¶ 165-179), and eleventh cause of action for civil penalties under PAGA (*id*. at ¶¶ 180-204).

17.    Under the heading "GENERAL ALLEGATIONS" in the Complaint, Plaintiff alleges a common set of facts concerning Defendants' workplace policies, his experience with those policies, and the experience of all putative class, representative, and collective members. (*Id*. at ¶¶ 29-76.) Plaintiff alleges he was a sales associate working for Big Tex Trailer World in Beaumont, California from January 2015 to January 2018, and that he was typically scheduled to work more than 50 hours a week (and other "similarly situated and/or non-exempt employees, worked more than 8 hours a workday, and/or more than 40 hours in a workweek during the relevant time period"). (*Id*. at ¶¶ 29-31.) Plaintiff alleges Defendants did not "properly compensate" Plaintiff and other similarly situated and/or aggrieved employees "for all hours worked, failed to provide compliant meal and rest periods, failed to maintain accurate records, failed to provide accurate itemized wage statements, failed to reimburse for all necessary expenses, and failed to pay all wages due and owing by the times set forth by law." (*Id*. at ¶ 33.) Accordingly, Plaintiff alleges Defendants' "policies and procedures" applied to all putative class, collective, and representative members, and therefore form the common nucleus of operative facts underpinning both Plaintiff's California and FLSA claims. Because the facts underpinning each of Plaintiff's causes of action are so intertwined, and arise out of the same common nucleus of purported behavior by Defendants, this

Court may exercise supplemental jurisdiction over Plaintiff's eleven state law claims.

## DIVERSITY OF CITIZENSHIP

18. This Court also has original jurisdiction over the State Court Action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

## CITIZENSHIP

19. The Supreme Court has interpreted 28 U.S.C. § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). For class actions not removed under the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)), which this is not, federal diversity jurisdiction requires satisfaction of the general diversity requirements under 28 U.S.C. § 1332(a). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007).

20. A class action can be heard in federal court under diversity jurisdiction only if there is complete diversity (i.e., all class representatives are diverse from all defendants) and if all plaintiffs satisfy the amount in controversy requirement of more than $75,000. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-51 (2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 938 (9th Cir. 2001); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010).

21. With respect to complete diversity in class actions, the requirement "is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson*, 261 F.3d at 931 n. 2. "The citizenship of unnamed class members and unidentified Doe defendants are disregarded." *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17cv2246-MMA, 2018 WL 539176, * 2 (S.D. Cal. Jan. 23, 2018) (citing *Gibson*, 261 F.3d at 931 n. 2).

Plaintiff's Citizenship

22.     Plaintiff is the only named plaintiff in the Complaint. Plaintiff alleges he is a "resident of the State of California and currently resides in Riverside County." (Stockburger Dec. at ¶ 2, Ex. A at ¶ 10.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is domiciled where he or she resides with the intention to remain. *Id.* A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff, therefore, is a citizen of California.

Defendants' Citizenship

23.     Under 28 U.S.C. § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where it has its principal place of business. The phrase "principal place of business" refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92 (2010). In practice, this is "normally. . . the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the  'nerve center,' and not simply an office where the corporation holds its board meetings. . . ."  *Id.*

24.     Plaintiff alleges Defendants are both "organized under the laws of the State of Texas[.]" (Stockburger Dec. at ¶ 2, Ex. A at ¶¶ 13-14.) Defendants are both incorporated in the state of Texas. (Bruhn Dec. at ¶¶ 3-4.) The principal place of business for both Defendants is in Texas. (*Id.*) Both Defendants have corporate headquarters in Texas where their officers direct, control, and coordinate each company's separate activities. (*Id.*) Both Defendants also have high-level executive management and administrative functions performed in Texas, and most of the executive officers for both companies live and/or primarily work in Texas. (*Id.*) Defendants' separate Texas corporate headquarters are where primary policy

- 9 -

decisions are made, and where day-to-day control of the two businesses are exercised. (*Id.*) There is therefore complete diversity between the parties.

## <u>AMOUNT IN CONTROVERSY</u>

25.     Plaintiff seeks an unspecified amount in damages, penalties, and fees. This omission does not deprive this Court of jurisdiction. Instead, the burden rests with Defendants to show by a preponderance of the evidence that the amount in controversy is greater than $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). This rule "extends from the principle that a party seeking adjudication in federal court bears the burden of proving by a preponderance of the evidence that he or she belongs there." *Garibotti v. The Standard Fire Ins. Co.*, No. SACV 10-01613 DOC, 2011 WL 488874, *2 (C.D. Cal. Feb. 1, 2011).

26.     The Court need only determine that Plaintiff's claims, and not the claims of putative class, collective, or representative members meets the $75,000 jurisdiction threshold. "When a well-pleaded complaint has at least one claim satisfying the amount-in-controversy requirement, there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." *Exxon Mobile Corp.*, 545 U.S. at 547. A court with original jurisdiction over a single claim in the complaint has original jurisdiction over a "civil action" under 28 U.S.C. § 1367(a), even if that action comprises fewer claims than were included in the complaint. *Id.* "Once a court has original jurisdiction over the action, it can then decide whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over other claims in the action." *Id.*

27.     In determining whether a complaint meets the $75,000 amount-in-controversy threshold, the court may consider both attorneys' fees, if said fees are recoverable by the plaintiff by statute or agreement, and penalties. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1988); *Goldberg v. C.P.C. International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

28.     As set forth below, the potential exposure on damages, penalties, and fees relating to Plaintiff well exceed the $75,000 jurisdictional threshold.

### Attorneys' Fees

29.     Plaintiff alleges a putative class, representative, and collective action. The attorneys' fees alone will clearly exceed the $75,000 jurisdictional threshold. Similar cases, with similar allegations, have resulted in an award of attorneys' fees ranging from $100,000, to $599,940, to $1,250,000. See *Munyan v. Nationwide Medical, Inc.*, No. BC579015, 2017 WL 6452647, *8 (Oct. 12, 2017) (Trial Order) (awarding $100,000 in attorneys' fees in class action with similar wage claims); *Bufil v. Dollar Financial Group, Inc.*, No. CGC-06-456053, 2010 WL 1947018 (Mar. 11 2010) (Trial Order) (awarding $599,940 attorneys' fees in wage and hour class action); *Garnica v. Verizon Wireless Telecom, Inc.*, No. CGC-08-476827, 2010 WL 3723143 (Mar. 19, 2010) (Trial Order) (awarding $1,250,000 in attorneys' fees in wage and hour class action).

30.     Indeed, Plaintiff's own counsel has been awarded attorneys' fees of $285,250 in a very similar case involving a putative class of just 65 non-exempt employees. See *Laux v. Annuys Skyways, Inc.*, No. 56201200421351, 2014 WL 7685204, *2 (May 13, 2014) (Trial Order) (Graham Hollis awarded $285,250 in attorneys' fees in wage and hour class action settlement).

31.     Based on the foregoing, it is more likely than not that the attorneys' fees sought by Plaintiff's counsel in this matter will exceed the jurisdictional threshold of $75,000. For the purposes of this notice, however, even if those fees exceeded $20,000 the jurisdictional threshold would still be met.

### First Cause of Action - Failure to Provide Meal Periods

32.     Plaintiff's first cause of action alleges Defendants violated Labor Code § 226.7, 512, 1198, and the "Meal Periods" section of applicable IWC Wage Orders by failing to provide Plaintiff with a 30-minute, duty-free meal period before the commencement of his sixth hour of work, and a second 30-minute [meal period

before the commencement of his tenth hour of work, where applicable.]" (Stockburger Dec. at ¶ 2, Ex. A at ¶ 89.) Plaintiff alleges he worked for "Defendants" as a sales associate in Beaumont, California between January 2015 and January 2018. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 29.) Plaintiff claims he earned "$12.00 per hour in addition to commissions" as a sales associate, and typically worked more than 50 hours a week. (*Id*. at ¶ 30.) Plaintiff claims he was typically scheduled to work Monday through Friday from 8 a.m. to 5 p.m., and 8 a.m. to 2 p.m. on Saturday. (*Id*.)

33.    IWC Wage Order 7, which applies to Defendants' operations in California, states at § 11(A) that no employer shall employ any person for a work period of not more than six hours without "a meal period of not less than 30 minutes," except that when a work period of not more than six hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. IWC Wage Order 7 § 11(B) further states that a second meal period must be provided to that employee before the tenth hour of work, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and employee if the first meal period was not waived.

34.    IWC Wage Order 7 and Labor Code § 226.7(c) both state that if an employer fails to provide an employee a meal period in accordance with IWC Wage Order 7, the employer "shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

35.    The limitations period for meal period premiums is three years. *Murphy v. Kenneth Cole Productions Inc.*, 40 Cal. 4th 1094, 1102-114 (2007).

36.    Plaintiff does not allege the exact days he was purportedly denied a meal period. Nor does he allege if he ever received a meal period premium. He does, however, allege that he worked for Defendants for three years between

January 2015 and January 2018 (Stockburger Dec. at ¶ 2, Ex. A at ¶ 29), that he regularly worked six days a week, Monday through Saturday, with each day's work exceeding six hours per shift (*id*.), and that Defendants "regularly" deprived him of an off-duty meal period and required him to work through his meal periods (*id*. at ¶ 35-36, 85-86). Plaintiff alleges his meal periods were "regularly on duty, untimely, or less than thirty minutes." (*Id*. at ¶ 86.)

37.    Assuming for the purposes of this notice that Plaintiff missed at least three meal periods per week during the course of his employment, and that he was entitled to a meal period premium for each of those missed meal periods, the exposure on Plaintiff's first cause of action would be approximately **$5,616**.[2] This exposure could, of course, be higher depending on the nature of Plaintiff's proof at trial.

## Second Cause of Action - Failure to Provide Rest Periods

38.    Plaintiff's second cause of action alleges Defendants violated Labor Code §§ 226.7 and 1198 by failing to authorize and permit Plaintiff from taking off-duty rest periods, and failing to pay Plaintiff "appropriate rest period premium wages for each day in which Defendants did not authorize and permit Plaintiff" to take compliant rest periods. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 103.)

39.    IWC Wage Order 7 states at § 12(A), in relevant part, that every employer shall "authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." IWC Wage Order 7 § 12(B) further provides that if an employer fails to provide an employee a rest period in accordance with the provisions of IWC Wage Order 7, "the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

---

[2] (156 weeks (3 years) x 3 missed meal periods per week) x $12.00 per hour for meal period premium regular rate = $5,616.

compensation for each workday that the rest period is not provided." Labor Code § 226.7(c) provides for the same remedy. These types of damages are separate, distinct, and cumulative to meal period violations and premiums owed. The limitations period for rest period claims is three years. *Murphy*, 40 Cal. 4th at 1114.

40. Plaintiff does not allege the exact days he was denied a rest period. Nor does he allege whether he received a rest period premium for any rest periods missed. But, similar to his meal period violation claim, Plaintiff alleges he worked for Defendants for three years and was "regularly" deprived of a rest period during his six days schedule, when he would work for more than four hours per shift. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 30.) Assuming Plaintiff's allegations are true, in most cases Plaintiff would have been entitled to at least two rest periods per work shift.

41. Assuming for the purpose of this notice that Plaintiff missed at least six rest periods per week during the course of his employment, and was entitled to a rest period premium for that time missed, the exposure on Plaintiff's second cause of action would be approximately **$11,232**.[3] This exposure could, of course, be higher depending on the nature of Plaintiff's proof at trial.

## **Third Cause of Action - Failure to Pay Minimum and Regular Wages**

42. Plaintiff's third cause of action alleges Defendants violated Labor Code §§ 1194, 1197, 1998, and applicable IWC Wage Orders by failing to pay Plaintiff "at least minimum wages for all the time spent working and under the control of Defendants." (Stockburger Dec. at ¶ 2, Ex. A at ¶ 112.) Plaintiff specifically alleges he was not compensated for the time he purportedly "spent assisting customers arriving after hours when" when he was "off-duty." (*Id.*)

43. Plaintiff does not allege the exact days he purportedly worked off-the-clock. He instead alleges he worked for Defendants for three years and for an

---

[3] (156 weeks (3 years) x 6 missed rest periods per week) x $12.00 per hour regular rate for rest periods = $11,232.

average of six days a week. Assuming, therefore, for the purpose of this notice that Plaintiff worked at least three hours off-the-clock per week, the potential exposure on Plaintiff's third cause of action would be **$5,616**.[4] This exposure could be higher depending on the nature of Plaintiff's proof at trial.

### Fourth Cause of Action - Failure to Pay All Overtime Wages

44.     Plaintiff's fourth cause of action alleges he was not paid all overtime wages owed. Plaintiff alleges he "regularly worked over eight hours per day and 40 hours per week while employed by Defendants" and that Defendants failed to pay him for all overtime worked. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 123.) Plaintiff specifically alleges he was not compensated for the time he spent "assisting customers arriving after hours" when he was off-duty. (*Id.* at ¶ 124.) Plaintiff also alleges Defendants failed to "incorporate" Plaintiff's commission pay into the regular rate of pay for the purposes of paying overtime.

45.     Labor Code § 510 provides that any work "in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Stockburger Dec. at ¶ 2, Ex. A at ¶ 118.)

46.     Plaintiff does not allege the exact days he purportedly worked overtime, nor does he specify the amount of commissions that were not included in his regular rate of pay calculation. Plaintiff, however, alleges he worked for Defendants for three years, allegedly six days a week, and regularly worked over 40 hours in a workweek and over eight hours in a workday. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 30.)

47.     Assuming for the purposes of this notice that Plaintiff's regular rate of pay of $12.00 per hour is increased to $26.70 per hour as a result of his daily

---

[4] (156 weeks (3 years) x 3 hours of off-the-clock work per week) x $12.00 per hour = $5,616.

commission rate,[5] and his regular rate of pay ($26.70) is calculated at time and a half for overtime purposes ($40.05), and Plaintiff worked approximately five hours per week of overtime without compensation, the potential exposure on Plaintiff's fourth cause of action would be **$31,232**.[6] This exposure could increase depending on the nature of Plaintiff's proof at trial.

### Fifth Cause of Action - Failure to Pay Commission Wages

48.    Plaintiff's fifth cause of action alleges Defendants failed to pay Plaintiff for all commission and/or contractual wages owed. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 131.) Plaintiff does not allege the exact amount of commission payments he was not paid. Nor does he allege whether he's ever received commission payments.

49.    Plaintiff does, however, allege he worked for Defendants for three years. During that time, Plaintiff was paid an average of $3,401.11 in commissions per month. (Bruhn Dec. at ¶ 5.)

50.    Assuming for the purpose of this notice that Plaintiff is entitled to just 15% of his total commission average for his three years of employment, the exposure on Plaintiff's fifth cause of action for unpaid commissions would be approximately **$18,366**,[7] depending on the nature of Plaintiff's proof at trial.

### Sixth Cause of Action - Failure to Indemnify Business Expenses

51.    Plaintiff's sixth cause of action alleges Plaintiff "incurred business expenses in direct consequence of" his job duties through the use of his personal cell phone. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 138.) Plaintiff alleges he was required to use his personal cell phone in the performance of his work duties to "communicate with customers and take pictures of trailers to send to customers."

---

[5] Plaintiff was paid an average of $3,401.11 in commissions per month during his employment with Big Tex Trailer World. This comes out to approximately $14.70 per hour. $14.70 + $12.00 = $26.70 per hour (regular rate for overtime calculation).
[6] (156 weeks (3 years) x 5 hours of overtime per week) x $40.05 overtime rate = $31,239.
[7] ($3,401.11 x .15) x 36 months (three years) = $18,365.99.

1   (*Id.*) Plaintiff also alleges he was required to use his personal vehicle to "travel to
2   the gas station and purchase gasoline for the trailers." (*Id.*)

3       52.     Plaintiff does not allege how frequently he used his personal cell
4   phone for business purposes. Nor does he allege how often he used his personal
5   vehicle. However, Plaintiff alleges he worked for Defendants for three years, and
6   for six days a week.

7       53.     Assuming for the purpose of this notice that Plaintiff used
8   approximately $20 in data per month for business purposes on his personal cell
9   phone, and used approximately $20 a month in gas traveling back and forth for
10  business purposes, the exposure on Plaintiff's sixth cause of action for
11  reimbursement would be approximately **$1,440**.[8] This exposure could be higher
12  depending on the nature of Plaintiff's proof at trial.

13          <u>**Seventh Cause of Action - Failure to Provide Accurate Itemized**</u>
14                          <u>**Wage Statements**</u>

15      54.     Plaintiff's seventh cause of action alleges Defendants "knowingly and
16  intentionally" failed to provide Plaintiff with accurate and itemized wage
17  statements with each payment, as required by Labor Code § 226(a). (Stockburger
18  Dec. at ¶ 2, Ex. A at ¶ 146.) Labor Code § 226(e)(1) provides that an employee
19  suffering an injury as a result of a "knowing and intentional failure by an employer"
20  to provide accurate and itemized wage statements in compliance with Labor Code §
21  226(a) "is entitled to recover the greater of all actual damages or fifty dollars ($50)
22  for the initial pay period in which a violation occurs and one hundred dollars ($100)
23  per employee for each violation in a subsequent pay period, not to exceed an
24  aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of
25  costs and reasonable attorney's fees." Lab. Code § 226(e)(1).

26      55.     Plaintiff does not allege whether he has been injured by Defendants'
27  purported failure to provide accurate and itemized wage statements. Thus, for the

28  ───────────────
[8] 36 months (3 years) x $40 per month = $1,440.

1 purposes of this notice, Defendants assume the maximum penalty of $4,000 will

2 apply and represents the likely exposure on this claim as it relates to Plaintiff. This

3 exposure could be higher if Plaintiff alleges he was damaged in excess of $4,000 by

4 Defendants' actions.

5 **Eighth Cause of Action - Failure to Maintain Accurate Records**

6 56.    Plaintiff's eighth cause of action alleges Defendants violated Labor

7 Code § 1174 when they "intentionally failed to maintain accurate records" of

8 Plaintiff's total hours worked in the payroll period, the applicable rates of pay, and

9 total wages earned for the payroll period. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 154.)

10 57.    Labor Code § 1174.5 provides that any person employing labor who

11 willfully fails to maintain the records required by Labor Code § 1174(c) or accurate

12 and complete records required by Labor Code § 1174(d) will be subject to a civil

13 penalty of $500.

14 58.    The statute of limitations under Labor Code § 1174.5 is one year.

15 Thus, the potential exposure on this claim, as it relates to Plaintiff, is $500.

16 **Ninth Cause of Action - Failure to Pay Timely Wages Upon**

17 **Separation of Employment**

18 59.    Plaintiff's ninth cause of action alleges Defendants willfully failed to

19 pay Plaintiff all wages owed upon separation from employment. (Stockburger Dec.

20 at ¶ 2, Ex. A at ¶¶ 158-164.)

21 60.    Labor Code § 203 provides that if an employer willfully fails to pay an

22 employee for all wages owed upon separation, in violation of Labor Code § 201,

23 the "wages of the employee shall continue as a penalty from the due date thereof at

24 the same rate until paid or until an action therefor is commenced; but the wages

25 shall not continue for more than 30 days." Lab. Code § 203(a).

26 61.    Assuming, for the sake of this notice, that Plaintiff's regular rate of

27 pay was $26.70 per hour on the date of termination (regular rate of pay of $12.00

28 per hour plus $14.17 per hour in average commissions), the total exposure for

Plaintiff's ninth cause of action would be approximately **$6,408**.[9] This exposure could be higher depending on the nature of Plaintiff's proof at trial.

### Eleventh Cause of Action - PAGA Penalties[10]

62.    In addition to the damages outlined above, Plaintiff also seeks an award of civil and statutory penalties under PAGA based on Defendants' purported violation of Labor Code §§ 201, 202, 204, 221, 223, 226(a), 226.7, 510, 512, 1174(d), 1197, 1198, and 2802. (Stockburger Dec. at ¶ 2, Ex. A at ¶¶ 182, 184.) Under PAGA, Plaintiff is entitled to seek penalties otherwise available to the State of California, and keep 25% of those monies recovered.

63.    Under PAGA, for all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation. (Stockburger Dec. at ¶ 2, Ex. A at ¶ 185.)

64.    Plaintiff alleges Defendants are liable for PAGA penalties for each of their purported violations of California law. Although Defendants do not concede that Plaintiff's interpretation of PAGA, or its imposition of penalties, is correct as a matter of law or fact, the following is a summary of the penalties Plaintiff alleges Defendants must pay as it relates to Plaintiff only:

| Statute | Penalty | Allegation | Total |
|---------|---------|------------|-------|
| Lab. Code § 2699(f) | $100 for each aggrieved employee per pay | Applies to meal period violations (Stockburger Dec. at ¶ 2, Ex. A at ¶ | $4,700[11] per violation<br>**Total - $28,200[12]** |

[9] ($26.70 per hour x 8 hours a day) x 30 days = $6,408.
[10] Plaintiff's tenth cause of action is for restitution pursuant to Business and Professions Code §§ 17200, *et seq*. Because Plaintiff's claim for restitution seeks the return of unpaid wages. Thus, the damages would be duplicative of Plaintiff's other causes of action.
[11] $100 + (23 x $200) = $4,700.
[12] $4,700 x 6 = $28,200.

| | | | |
|---|---|---|---|
| | period for the initial violation, $200 for each aggrieved employee per pay period for each subsequent violation. | 186), rest period violations (*id*. at ¶ 187), failure to pay minimum and regular wages (*id*. at ¶ 188), failure to pay overtime wage (*id*. at ¶ 189), failure to provide accurate wage statements (*id*. at ¶ 194), and failure to reimburse business expenses (*id*. at ¶ 197). | |
| Lab. Code §225.5 | $100 for initial violation of failure to pay all wages; $200 for each subsequent violation. | Plaintiff applies this penalty to Defendants' failure to pay meal and rest period premiums, minimum wage, and overtime wages. | $4,700[13] per violation. **Total = $18,800[14]** |
| Lab. Code § 210(a) | $100 for initial violation, $200 for subsequent violation. | Failure to pay wages. | **$4,700**[15] |
| Lab. Code § 226.3 | $250 per violation in an initial citation, and $1,000 for each violation in a | Failure to maintain accurate records. | **$250** |

[13] $100 + (23 x $200) = $4,700.
[14] $4,700 x 4 = $18,800.
[15] $100 + (23 x $200) = $4,700.

- 20 -

| | | | |
|---|---|---|---|
| | subsequent citation. | | |
| Lab. Code § 1174.5 | Civil penalty of $500 for failure to maintain accurate records. | Failure to maintain accurate records. | **$500** |
| Lab. Code § 1197.1 | $100 for initial pay period; $250 for subsequent pay period for paying less than minimum wage. | Failure to pay all minimum wages. | **$5,850[16]** |
| Lab. Code § 558 | $50 for initial violation, $100 for subsequent violation | Missed meal periods | **$2,350[17]** |
| Lab. Code § 558 | $50 for initial violation, $100 for subsequent violation | Missed rest periods | **$2,350[18]** |
| **Total** | | | **$63,000 (25% $15,750)** |

## Twelfth Cause of Action - FLSA

65.    Plaintiff's twelfth cause of action under FLSA seeks an award of unpaid overtime on behalf of Plaintiff as well as liquidated damages under 29

---

[16] $100 + (23 x $250) = $5,850.
[17] $50 + (23 x $100) = $2,350.
[18] $50 + (23 x $100) = $2,350.

U.S.C. § 216(b) and attorneys' fees. Liquidated damages are double the damages awarded for unpaid overtime. Thus, assuming for the purposes of this notice that Plaintiff recovers approximately $31,232 in overtime pay (see above), the liquidated damages award under FLSA would also be **$31,232**.

## Final Calculation

66.    Based on the foregoing, the amount in controversy based on the assumptions set forth above, inclusive of damages, penalties, and fees, exceeds the $75,000 jurisdictional threshold.[19]

## COMPLIANCE WITH 28 U.S.C. § 1446

67.    No previous application has been made for the relief requested herein.

68.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action, are attached with this notice. (Stockburger Dec. at ¶¶ 2, 4, Exs. A, C.)

69.    Pursuant to 28 U.S.C. § 1446(d), Defendants will serve on plaintiff and will file with the Clerk of the Superior Court for the County of Riverside, a written "Notice to the Clerk of the Superior Court of the County of Riverside and To Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

Dated:  August 10, 2018                DENTONS US LLP


                                        By: */s/Peter Z. Stockburger*
                                            peter.stockburger@dentons.com

                                        Attorneys for Defendants
                                        BIG TEX TRAILER
                                        MANUFACTURING, INC. and BIG
                                        TEX TRAILER WORLD, INC.

---

[19] $20,000 in attorneys' fees + $5,616 (Cause of Action No. 1) + $11,232 (Cause of Action No. 2) + $5,616 (Cause of Action No. 3) + $31,232 (Cause of Action No. 4) + $18,366 (Cause of Action No. 5) + $1,440 (Cause of Action No. 6) + $4,000 (Cause of Action No. 7) + $500 (Cause of Action No. 8) + $6,408 (Cause of Action No. 9) + $15,750 (25% of $63,000 in penalties) (Cause of Action No. 11) + $31,232 (Cause of Action No. 12) = $151,392.