UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion for final approval

Before the Court is Plaintiff Andrew Potter's ("Plaintiff") motion for final approval of the class action settlement, as well as an award of attorneys' fees and costs and class representative service award. *See Motion for Final Approval of Class and Collective Action Settlement*, Dkt. # 33 ("*Mot.*"); *Motion for Attorneys' Fees*, Dkt. # 32 ("*Fees Mot.*"). Defendants Big Tex Trailer Manufacturing, Inc. and Big Tex Trailer World, Inc. ("Defendants") have filed notices of non-opposition to both motions. *See* Dkts. # 34, 35. The Court conducted a fairness hearing on March 2, 2020. Having considered the submissions, the Court **GRANTS** Plaintiff's motions.

I.   Background

Plaintiff seeks final approval of a $972,391.68 settlement ("the Settlement") with Defendants.[1] *See generally Mot.*

On October 27, 2016, Plaintiff, an hourly-paid, non-exempt employee of Defendants from approximately November 2014 to January 2018, initiated this putative wage and hour class action in Riverside Superior Court on behalf of similarly-situated employees of Defendants within California. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 2, 3. On August 10, 2018 Defendants removed the case to this Court, asserting federal question jurisdiction under 28

---

[1] The total settlement amount was originally $1,000,000.00 with a Prepayment Credit of $240,000.00. *See Mot.* 9. After the Court granted Preliminary Approval and prior to the mailing of notices to class members, Defendants informed Class Counsel that the verifiable Prepayment Credit was $212,391.68. *See id.* Therefore, the parties agreed to reduce the Maximum Settlement Amount to $972,391.68 based on the Prepayment Credit difference. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). *See generally id.*

Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), as well as the California Labor Code and California Business and Professions Code. Plaintiff asserted twelve causes of action: (1) failure to provide required meal periods, Cal. Lab. Code §§ 226.7, 512, 1198; (2) failure to provide rest periods, *id.* §§ 226.7, 1198; (3) failure to pay minimum and regular wages, *id.* §§ 1194, 1197, 1198; (4) failure to pay all overtime wages, *id.* §§ 510, 1194, 1198; (5) failure to pay commission wages, *id.* §§ 221, 223, 225.5; (6) failure to indemnify necessary business expenses, *id.* § 2802; (7) failure to provide accurate itemized wage statements, *id.* §§ 226, 1198; (8) failure to maintain accurate records, *id.* § 1174; (9) failure to timely pay all wages due upon separation of employment, *id.* §§ 201–03; (10) violation Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (11) Private Attorneys General Act ("PAGA") Claim for Civil Penalties, Cal. Lab. Code §§ 2698 et seq.; and (12) violation of the FLSA, 29 U.S.C. §§ 207, 211(c). *See generally Complaint*, Dkt. # 1-2 ("*Compl.*").

On May 20, 2019, the parties engaged in private mediation before Steven J. Rottman. *Mot.* 8:4–6. With the aid of his evaluation and expertise in wage-and-hour matters, and after significant discovery and negotiations, the parties agreed to a settlement ("Settlement Agreement"). *See id.* The settlement class ("the Class" or "the Class Members") consists of:

> "All current and former non-exempt employees who worked for Defendants in the State of California at any time from June 28, 2014 through the present."

*Compl.* ¶ 57; *Settlement Agreement*, Dkt. # 30-3, ¶ 1.5.

Plaintiff further subdivides the Class into a "Waiting Time Penalties Subclass," ("Subclass") which consists of: "[a]ll members of the Non-Exempt Class, whose employment with Defendants ended at any time from June 28, 2015 through the present." *Compl.* ¶ 58; *Settlement Agreement* ¶ 1.19.

On August 12, 2019, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement. *See* Dkt. # 30. On September 26, 2019, the Court certified the Class for settlement purposes only. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 31 ("*Prelim. Order*"), at 1. It also preliminarily approved the proposed settlement, approved the proposed Class Notice, and appointed CPT Group, Inc. ("CPT Group") as the Settlement Administrator, Graham S.P. Hollis, Vilmarie Cordero, and Nathan Reese of GrahamHollis APC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

as Class Counsel, and Plaintiff as Class Representative. *Id.* at 6. The Court further ordered Plaintiff to submit a brief justifying Class Counsel's award of attorneys' fees and costs and explaining whether any conflict of interest exists between either Class Counsel or the named Plaintiff and the *cy pres* recipient. *See id.* at 19.

On September 26, 2019, CPT Group received the Court-approved text for the Class Notice, and by November 21, 2019 CPT Group received all data files from Defendants' counsel containing information for 104 individuals identified as Class Members. *See Supplemental Declaration of Will Henry*, Dkt. # 36 ("*Henry Decl.*"), ¶¶ 3–4. On November 26, 2019, after conducting a National Change of Address search to update the addresses in the class list, CPT Group mailed the Notices to 104 Class Members via first-class U.S. mail. *See id.* ¶¶ 6–7. One Notice was returned to CPT Group as undeliverable, and CPT Group performed a skip trace to locate a better address. *See id.* ¶ 8. Ultimately, one notice remains undeliverable. *See id.* ¶ 9. The response deadline was February 3, 2020. *See id.* ¶ 8. Of the Class Members who received the Notice, no one has objected, a 100 percent participation rate. *See id.* ¶ 13. Further, CPT has received fifty-nine FLSA consent to join forms, representing a 57 percent FLSA participation rate.

Plaintiff now moves unopposed for final approval of the Settlement Agreement and for an order awarding attorneys' fees and costs. *See generally Mot.*; *Fees Mot.* Specifically, Plaintiff moves for the Court to approve the $972,391.68 Gross Settlement Amount, which includes: (1) all payments to Class Members; (2) attorneys' fees for Class Counsel of $324,130.56; (3) Class Counsel's costs and expenses of $15,023.07; (4) a Class Representative Enhancement Payment of $10,000 to Plaintiff; (5) Settlement Administration Costs of $10,750; (6) PAGA penalties of $50,000, a portion of which will be paid to the Labor and Workforce Development Agency ("LWDA") in the amount of $37,500, and a portion of which will be paid to the participating settlement class in the amount of $12,500. *See Mot.* 1–2. Plaintiff also moves for the Court to order that any settlement checks uncashed after 180 days be paid to the Salvation Army's California employment programs as *cy pres*. *See id.* 17:7–17.

II. Final Approval of the Class Settlement

   A. Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").[2]

The district court must approve or reject the settlement as a whole after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

---

[2] The recent amendments to Rule 23(e)(2) instruct district courts to consider whether: the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats Class Members equitably relative to each other. However, recognizing that each circuit has developed its own vocabulary to express these concerns, the Advisory Committee explained that it did not intend to "displace any factor [used by different circuits], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 amendment. Accordingly, the Court applies the Rule 23(e)(2) factors through the lens of the Ninth Circuit's *Hanlon*/*Staton* factors and existing relevant precedent.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

B.    <u>Discussion</u>

        i.    *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Plaintiff recognizes that Defendants would have vigorously contested class certification. *See Mot.* 14:9–10. Plaintiff also acknowledges that the costs and risks to the parties of further litigation included a possible determination that the claims were unsuitable for class treatment, appeals, and the possibility of no recovery, as well as the costs associated with trial. *See id.* 13:22–14:9. Finally, both sides used the pre-mediation time period, as well as their prior wage and hour class action experience, to extensively investigate and evaluate the strength of the claims. *See id.* 13:14–16. Accordingly, the Court agrees with Plaintiff that this factor weighs in favor of approving the Settlement Agreement.

        ii.    *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625. The parties have actively litigated this case for almost two years. *See* Dkt. # 1-2. Class Counsel have received and analyzed thousands of pages of data and documents produced by Defendant, including relevant polices during the class period, time and pay records, and commission agreement, as well as conducted interviews with employees. *See id.* 15:23–16:11. If the case were to proceed further, the fees and costs may increase because Class Counsel would have to conduct significant additional discovery. The Settlement Agreement minimizes the delay and costs that further litigation would entail.

Moreover, the Settlement Agreement provides for payment to the Class now and eliminates the possibility that the Class Members could receive nothing after further proceedings. Without settlement, Plaintiff states that he expects further protracted and difficult litigation on "novel and complex issues" including class certification. *Id*. 13:22–23. Thus, the risks, expense, and duration of continued litigation support final approval of this settlement. *See Dyer v. Wells Fargo Bank, N.A.*, CV 13-02858 JST, 2014 WL 5369395, at *3 (N.D. Cal. Oct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

22, 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

    iii. *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Order*. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendants likely would have vigorously contested class certification through trial, this factor favors final approval of the Settlement Agreement. *See Mot.* 14:9–10.

    iv. *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $972,391.68 less a credit of $212,391.68 for payments previously made to Class Members. *See Mot.* 14:25–261. The parties reached this settlement with the help of an experienced mediator after extensive discovery. *See Prelim. Order* at 11. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court also recognized that Class Members faced significant risk of no recovery and ongoing litigation expenses if forced to proceed with litigation. *See Prelim. Order* at 12. The Court was satisfied that the total Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

Settlement award was reasonable.³ *See id.* at 18–19. Considering the significant risks, the Court still finds that the settlement amount is reasonable.

      *v.*    *Extent of Discovery Completed and Stage of the Proceedings*

This next factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of his case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, the parties have engaged in extensive discovery, Class Counsel have reviewed and analyzed thousands of pages of data and documents, interviewed Plaintiff and other Class Members, and met with Defendants on numerous occasions. *Mot.* 15:23–16:14. These efforts suggest that the parties were well informed and had sufficient information to assess the merits of their claims. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement). The parties have also engaged in substantial settlement negotiations and mediation. *Mot.* 17:7–8.

The Court is confident that Plaintiff had enough information to make an informed decision about the settlement based on the strengths and weaknesses of the case. This factor weighs in favor of granting approval.

      *vi.*    *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). Here, Class Counsel has extensive experience handling consumer and employment class action cases. *See Declaration of Graham S.P. Hollis*, Dkt. # 33-2 ("*Hollis*

---

[3] The Court notes that although the final settlement amount is less than the $1,000,000 approved during the preliminary stage, this change does not alter the Court's analysis because the amount available to the Class, less prepayment credits, still remains $760,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

*Decl.*), ¶ 5. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is "fair, adequate, and reasonable" and finds that this factor weighs slightly in favor of final approval. *Mot.* 16:16–24.

> *vii.* *The Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

> *viii.* *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, none of the Class Members who received the Class Notice objected or requested to be excluded. *Henry Decl.* ¶¶ 12–13. Accordingly, this factor weighs in favor of final approval.

C. Conclusion

Having reviewed the relevant factors and finding that none counsel against approval of the final settlement, the Court **GRANTS** Plaintiff's motion for final approval of the class action settlement.

III. Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) an award of attorneys' fees in the total amount of $324,130.56 to Class Counsel; (2) reimbursement of $15,023.07 in costs incurred by Class Counsel; and (3) a $10,000 enhancement award for Plaintiff. *See Fees Mot.* 1:25–2:21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

    A.    <u>Attorneys' Fees</u>

        i.    *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

        ii.    *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award. *See id.* at 942. The percentage can range, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $324,130.56. *Fees Mot.* 2:6–14. Plaintiff claims that this is 33.3 percent of the Gross Settlement Amount; however, after checking Counsel's math, the Court concludes that 33.3 percent of the gross settlement amount equates to $323,806.43. *See id.* 1:10. The Court also finds it appropriate to round the percentage down to 33 percent, and thus starts with a fee award of $320,889.25.

Because Plaintiff asks the Court to depart from the "benchmark" of 25 percent, the Court must evaluate each of the five factors set out in *Vizcaino*. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check using the lodestar method.

### a. Percentage of the Common Fund Method

When assessing fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046 (citing *Vizcaino*, 290 F.3d at 1048–50).

#### 1. Results Achieved

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.* In this case, Plaintiff recovered more than 25 percent of the estimated potential recovery, and no class member objected to the settlement terms. *See Prelim. Order* at 11–12; *Henry Decl.* ¶¶ 12–13. The average individual settlement share is approximately $3,350.16, which provides significant monetary relief to the Class Members, and the largest award is approximately $18,186.39. *See Henry Decl.* ¶ 17. Given the significant monetary relief obtained for the class, this factor tips slightly in favor of an increase over the 25 percent benchmark.

#### 2. Risk of Litigation

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). The Court agrees that Class Counsel would have faced substantial obstacles as it appears that Defendant would have vigorously litigated this case. *See Fees Mot.* 8:20–9:9. The Court finds that the significant risks associated with this litigation weigh in favor of an upward departure from the 25 percent benchmark.

#### 3. Skills Required and Quality of Work

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

1047. As discussed elsewhere, Class Counsel engaged in substantial discovery and mediation work. *See Mot.* 6–8. This work also weighs in favor of an upward departure from the 25 percent benchmark.

### 4. *Contingent Nature and Plaintiff's Financial Burden*

Class Counsel have spent almost two years on this litigation, which they took on a contingent basis. *See Fees Mot.* 10:6–17. Since they have faced the risk of walking away with nothing, the Court finds that this factor favors an upward departure.

### 5. *Awards Made in Similar Cases*

In support of their attorneys' fees request, Class Counsel cite to several federal wage and hour cases in California where courts have departed from the 25 percent benchmark. *See id.* 10:19–11:14. The Court also finds that the award in this settlement is consistent with awards in similar cases. *See, e.g.*, *Brown v. CVS Pharm., Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *6–*7 (C.D. Cal. Apr. 24, 2017) (awarding 30 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-4149 MMM (SH), 2008 WL 8150856 (C.D. Cal. July 21, 2008) (awarding 34 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30 percent of the settlement fund); *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33 percent of the common fund); *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("nearly all common fund awards range around 30%"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer v. Beckton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33 percent). These similar fee awards in other wage and hour class action cases also weigh in favor of an upward departure.

The Court finds that, in light of all the factors and the adjustments that the Court made above, Class Counsel's request for attorneys' fees is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

    *b.*  *Lodestar Method*

 The Court also uses the lodestar method to cross-check the reasonableness of the fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

 Class Counsel state that the lodestar amount is approximately $345,266, which is based on 755.3 hours billed. *See Fees Mot.* 12:24–25; *Hollis Decl.* ¶ 44; *Hollis Decl. II* ¶¶ 16–18. In support, they submitted detailed timekeeping statements from the attorneys, paralegals, case managers, and law clerks who worked on the case. *See Hollis Decl.* ¶ 44.

| Names | Positions | Hours | Rates | Fees |
|---|---|---|---|---|
| Graham Hollis | Partner | 134.5 | $ 840 | $ 112,980 |
| Vilmarie Cordero | Partner | 8 | $ 725 | $ 5,800 |
| Rita Leong | Associate | 217.5 | $ 550 | $ 119,625 |
| Nathan Reese | Associate | 59.2 | $ 575 | $ 34,040 |
| Kathryn Evans | Associate | 4.3 | $ 370 | $ 1,591 |
| Senior Paralegals | Paralegal | 133 | $ 265 | $ 35,245 |
| Paralegals | Paralegal | 5 | $ 240 | $ 1,200 |
| Case Managers | Case Manager | 87 | $ 185 | $ 16,095 |
| Law Clerks | Law Clerk | 106.8 | $ 175 | $ 18,690 |
| | **Total** | **755.3** | | **$ 345,266** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

*1.  Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charge rates of between $370 and $840 for all work performed. *See Hollis Decl. II* ¶ 18. The Court turns to the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2018 Real Rate Report offers several relevant data points for fees in the Central District. In Los Angeles, partners have an hourly rate ranging from $450 to $955, and associates from $382 to $721. *See Real Rate Report* at 27. However, for Los Angeles attorneys who practice labor and employment law, partners have a slightly lower average hourly rate of between $456 and $716, and associates between $345 and $540. *See id.* at 76. In addition, paralegals in the labor and employment practice area earn an average hourly rate between $142 and $227. *See id.* at 12. Thus, Class Counsel's requested rates of $840 for Hollis, $725 for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

Cordero, $575 for Reese, and $550 for Leong appear higher than that of their counterparts in the community. The Court therefore adjusts the rates downward to $750 for Hollis, $675 for Cordero, $540 for Reese, and $525 for Leong. Similarly, the paralegal rates of $265 for senior paralegals and $240 for paralegals are inflated. Accordingly, the Court adjusts the paralegal rates downward to $240 for senior paralegals and $215 for paralegals.

### 2. Hours

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel have spent approximately 755.3 hours on this litigation over the course of almost two years, which included analyzing thousands of pages of data and documents produced by Defendant, including relevant polices during the class period, time and pay records, and a commission agreement, as well as conducting interviews with Class Members. *See Hollis Decl. II*, Ex. C. After reviewing the itemized billing records Class Counsel submitted, *see id.*, and considering the duration and scope of this case, the Court finds that the 755.3 figure is reasonable.

### 3. Lodestar Cross-Check

The Court recalculates Class Counsel's lodestar as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

| Names | Positions | Hours | Requested Rates | Adjusted Rates | Fees |
|---|---|---|---|---|---|
| Graham Hollis | Partner | 134.5 | $ 840 | $ 750 | $ 100,875 |
| Vilmarie Cordero | Partner | 8 | $ 725 | $ 675 | $ 5,400 |
| Rita Leong | Associate | 217.5 | $ 550 | $ 525 | $ 114,187.50 |
| Nathan Reese | Associate | 59.2 | $ 575 | $ 540 | $ 31,968 |
| Kathryn Evans | Associate | 4.3 | $ 370 | $ 370 | $ 1,591 |
| Senior Paralegals | Paralegal | 133 | $ 265 | $ 240 | $ 31,920 |
| Paralegals | Paralegal | 5 | $ 240 | $ 215 | $ 1,075 |
| Case Managers | Case Manager | 87 | $ 185 | $ 185 | $ 16,095 |
| Law Clerks | Law Clerk | 106.8 | $ 175 | $ 175 | $ 18,690 |
| | Total | 755.3 | | | $ 321,801.50 |

The Court's award of $320,889.25 is almost precisely in line with the adjusted lodestar figure of $321,801.50. Accordingly, given the Court's consideration of the relevant factors set forth by the Ninth Circuit and the lodestar cross-check, the Court finds that a fee award of 33 percent of the settlement fund is reasonable.

B.   Litigation Costs

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $15,023.07. *See Hollis Decl. II* ¶ 21. The Court has reviewed the accounting records and is satisfied that the costs amount to a reasonable expenditure for the almost two years that this litigation has been pending. *See id.* ¶¶ 21–22. The Court also notes that no Class Member has objected to the requested litigation costs.

Therefore, the Court **GRANTS** the request for costs in the total amount of $15,023.07.

C.   Service Award

"Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958. When considering requests for incentive awards, courts consider five principal factors:

(1) the risk to the class representative in commencing suit, both financial and otherwise;
(2) the notoriety and personal difficulties encountered by the class representative; (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Plaintiff requests an incentive award of $10,000. *See Fees Mot.* 14–16. This award request amounts to about 1 percent of the total Settlement, which the Court found was well within the range of approval. *See Prelim. Order* at 14. Plaintiff was a part of this litigation since its inception and spent a considerable amount of time on this case. *See Hollis Decl. II* ¶ 22. Specifically, Plaintiff participated in lengthy interviews and phone conferences with counsel, searched for and provided documents to counsel, reviewed documents and pleadings, and attended a full-day mediation session. *Declaration of Andrew Potter*, Dkt # 30-4 ("*Potter Decl.*") ¶¶ 10–15. Overall, Plaintiff estimates that he spent between thirty to forty hours on this case. *See id.* ¶ 17. Further, Plaintiff releases all rights afforded under California Civil Code § 1542 and agrees to not seek future employment from Defendants. *Settlement Agreement* ¶¶ 2.8.3, 2.8.5.

With 104 Class Members participating in the settlement and an average net recovery per Class Member of approximately $3,350.16, Plaintiff's service award does not seem significantly disproportionate to the net recovery of other Class Members. *See Henry Decl.* ¶ 17. Accordingly, the Court **GRANTS** Plaintiff's request for a $10,000 incentive award.

      D.      Settlement Administration Amount

Plaintiff proposes to pay CPT Group $10,750 for administering the Settlement. *See Mot.* 19:6–15. This request is reasonable given the class size and the costs and expenses associated with administering the notices and distributing the awards and tax documentation to the claimants. *See Ching v. Siemens Indus.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for sixty-eight claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

E.  PAGA Penalties

The parties have agreed to a PAGA penalty of $50,000. *Settlement Agreement* ¶ 2.2.6. Seventy-five percent ($37,500) will go to the LWDA and twenty-five percent ($12,500) will remain part of the Settlement for distribution to Class Members. *See id.*; Cal. Lab. Code § 2699(i) (providing that 75 percent of civil penalties recovered by aggrieved employees should be distributed to the LWDA). The PAGA allocation to the LWDA represents about 3.9 percent of the $972,391.68 gross settlement amount, which is reasonable given the significant potential PAGA penalties in this case. *See Mot.* 18:18–19:5; *see also O'Connor v. Uber Tech., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (emphasizing that courts must ensure that PAGA penalties are "genuine and meaningful"); *Moss v. USF Reddaway, Inc.*, No. EDCV 15-01541 JAK (FFMx), 2018 WL 5099291, at *9 (C.D. Cal. Feb. 15, 2018) (increasing PAGA penalties to about 2.75 percent of the gross settlement amount, up from less than one percent in the settlement agreement, given the defendant's potential PAGA liability); *In re M.L. Stern Overtime Litig.*, No. CV 07-0118 BTM (JMAx), 2009 WL 995864, at *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of 2 percent).

F.  Cy Pres

If a non-active class member does not claim their amount of the settlement funds, any unclaimed amounts will be disbursed *cy pres* to the Salvation Army's California programs to benefit unemployed and underemployed workers. *See Mot.* 18:6–17. The Ninth Circuit requires all such *cy pres* distributions to (1) address the objectives of the underlying statutes; (2) target the plaintiff class; and (3) provide reasonable certainty that any member will be benefitted. *Naschin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). Among its other programs, the Salvation Army provides unemployed and underemployed workers with skill-set evaluations, educational and skill supplementation, placement assistance, and financial planning advice. *See Assist the Unemployed*, Salvation Army, https://www.salvationarmyusa.org/usn/assist-the-unemployed/ (last visited Sept. 24, 2019). As such, the Court finds that the *cy pres* distribution to the Salvation Army meets these standards as it addresses the objectives of federal and state labor laws and class members may indirectly benefit from its efforts.

In its order approving the class settlement, the Court ordered Plaintiff to brief whether he or Class Counsel have a conflict of interest with the designated *cy pres*. *See Prelim. Order* at 16. In response, Class Counsel states in a declaration that no conflicts of interest exist between the Salvation Army and either Plaintiff or Class Counsel. *See Second Declaration of Graham S.P. Hollis*, Dkt. # 32-2 ("*Hollis Decl. II*"), ¶ 25. The Court is thus satisfied that no conflicts exist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1678 PSG (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | Andrew Potter v. Big Text Trailer Manufacturing, Inc., et al. | | |

IV. <u>Conclusion</u>

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement, and **GRANTS** Plaintiff's request for an award of attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

- The Court approves settlement of the action between Plaintiff and Defendants as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel are awarded $320,889.25 in attorneys' fees and $15,023.07 in costs. Additionally, Plaintiff is awarded a $10,000 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

- The Court approves PAGA penalties of $50,000, of which $37,500 will be paid to the LWDA and $12,500 will remain part of the settlement amount for distribution to Class Members. The Court approves payment in the amount of $10,750 to CPT Group for settlement administration costs.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendants and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED.**